UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM G., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN J. O'MALLEY, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 21 CV 639 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Adam G. appeals the Commissioner of Social Security's decision denying his application for benefits. For the following reasons, plaintiff's motion to reverse or remand [15] is granted, defendant's motion for summary judgment [20] is denied, and the case is remanded for further administrative proceedings.[1]

## Background

### A.     Procedural Background

In August 2017, plaintiff filed a Title XVI application for supplemental security income, alleging a disability onset of June 7, 2008. [14-1] 15. Plaintiff's claim was denied initially and on reconsideration. [*Id.*]. Plaintiff requested a hearing, which was held before an administrative law judge (ALJ) on April 22, 2020. [*Id.*]. In a decision dated April 30, 2020, the ALJ found that plaintiff was not disabled and denied his application. [*Id.*] 15-35. The Appeals Council denied review on December 4, 2020 [*id.*] 1-5, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff timely appealed to this Court, and the Court has subject-matter jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g).[2]

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [14-1], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction in this case by a United States Magistrate Judge. [8, 10].

### B. The ALJ's Decision

The ALJ reviewed plaintiff's disability claim in accordance with the SSA's five-step sequential evaluation process. At step one of his decision, the ALJ found that plaintiff had not engaged in substantial gainful employment since the application date. [14-1] 17. At step two, the ALJ determined that plaintiff had the following severe impairments: diabetes mellitus, type 1; thyroid cancer (post treatment); and learning disability. [*Id.*]. At step three, the ALJ ruled that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 17-27. Before turning to step four, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform light work, subject to the following non-exertional limitations:

> Avoid all exposure to work hazards such as unprotected heights and dangerous machinery.
>
> Additionally, the claimant is limited to work that requires performing simple routine repetitive tasks.
>
> The work should require only occasional interaction with the public in the work setting and only occasional interaction with co-workers and supervisors. The work should not require performance in close proximity to others or performance of tandem tasks.
>
> The claimant is further limited to work that does not have strict production rate requirements with hourly or other periodic production quotas, but can involve end-of-day production requirements. The claimant is able to work at a flexible pace independent of the speed of machinery, equipment, and others in the production process.
>
> The work should require only occasional decision-making and only occasional changes in work setting.
>
> With these limitations, the claimant would be off task 10 percent of the workday and be absent 6 days per year.

[14-1] 28.

At step four, the ALJ found that plaintiff had no relevant past work experience. [*Id.*] 34. At step five, the ALJ ruled that significant numbers of jobs existed in the national economy that plaintiff could perform: hand packager (119,000 jobs), housekeeper (560,000 jobs), and mail sorter (72,000 jobs). [*Id.*] 35. The ALJ accordingly ruled that plaintiff was not disabled and denied his application for supplemental security income. [*Id.*].

## Legal Standard

Under the Social Security Act (SSA), disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the ALJ conducts a sequential five-step inquiry: (1) whether the claimant is unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any listed impairments; (4) whether the claimant is unable to perform his past relevant work; and (5) whether the claimant is unable to perform any other available work in light of his age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ did not properly account for his moderate limitations in concentrating, persisting, or maintaining pace (CPP). [15] 5-8. More specifically, plaintiff argues that the ALJ ignored the opinion of a state agency reviewer, Dr. Jeanne Yakin, who found that plaintiff "would have a moderate limitation persisting for a normal work period due to his MDI [*i.e.*, medically determinable impairments]." [14-1] 71. The Court agrees with plaintiff that nothing in the RFC determination accounts for his moderately limited ability to persist through a normal work period, and that remand is required to address this issue.[3]

---

[3] Because this issue is dispositive, the Court need not address plaintiff's other arguments.

"A disability claimant's RFC describes the maximum she can do in a work setting despite her mental and physical limitations." *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). "An ALJ must evaluate all relevant evidence when determining an applicant's RFC[.]" *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012). "Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in so doing, he may not ignore entire lines of contrary evidence." *Id.* at 592.

In this case, Dr. Yakin assessed plaintiff's mental RFC at the initial stage. *See* [14-1] 62, 66-67, 70-71. She found that plaintiff had a moderate CPP limitation and provided the following narrative translation of that limitation: "The claimant retains the mental capacity to understand and remember one or two-step instructions. He would have a moderate limitation persisting for a normal work period due to his MDI but could make simple work-related decisions." [*Id.*] 71. The ALJ agreed that plaintiff had a moderate CPP limitation, *see* [*id.*] 27, and his decision reflects that he found Dr. Yakin's opinion "somewhat persuasive." [*Id.*].[4] Nevertheless, the ALJ did not discuss Yakin's opinion respecting plaintiff's ability to persist through a normal work period or explain why his RFC determination did not include such a limitation. Nor did the ALJ include this limitation in the hypothetical questions he posed to the vocational expert (VE). *See* [*id.*] 56-60. Instead, the ALJ purported to account for plaintiff's moderate CPP limitations by restricting him to (1) simple, routine, and repetitive tasks, (2) that did not have strict production rates or periodic quotas, and (3) that could be performed at a flexible pace. [*Id.*] 28.

The Court concludes that the ALJ erred by failing to explain why he did not adopt Dr. Yakin's persistence limitation or include a restriction in the RFC determination that would have accounted for that limitation. An ALJ "must explain [his] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Moira L. v. Kijakazi*, No. 19 C 2687, 2022 WL 846469, at *2 (N.D. Ill. Mar. 22, 2022) (internal quotation marks omitted). "An ALJ is not required to credit every part of a medical opinion just because he credits one part." *Mildred B. v. Kijakazi*, No. 19 CV 3532, 2022 WL 1746849, at *3 (N.D. Ill. May 31, 2022) (internal quotation marks omitted). But the ALJ was "required to . . . explain why he adopted some of [Dr. Yakin's] findings and rejected others." *Id.* Yet there is no indication in the ALJ's decision how, if at all, he considered this portion of Dr. Yakin's opinion. *See* [14-1] 27 (discussing plaintiff's moderate CPP limitation); [*id.*] 32 (discussing Dr. Yakin's opinions).

---

[4] The only part of Dr. Yakin's opinion that the ALJ appears to have rejected was her finding that plaintiff had no adaptive limitations. *See* [14-1] 71. Based largely on a psychiatric evaluation that occurred in August 2019 (and thus after Dr. Yakin's review in January 2018), the ALJ found that plaintiff had a mild limitation in adapting or managing himself. *See* [*id.*] 27, 32.

4

Furthermore, the non-exertional restrictions that the ALJ included in the RFC determination do not account for plaintiff's moderately limited ability to persist during a normal work period. The ALJ restricted plaintiff to simple, routine, and repetitive work, *see* [14-1] 31, but "observing that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019). The ALJ also restricted plaintiff to work that did not have strict production quotas and could be performed at a flexible pace, but the Court cannot see how these restrictions are relevant to plaintiff's persistence limitation. For example, even if plaintiff did not have to meet strict or hourly quotas, the RFC still stipulates that plaintiff would have to meet an end-of-day quota. [14-1] 31-32. But the ALJ never explained how plaintiff would be capable of meeting such a quota if he were moderately limited in his ability to persist over the course of a normal workday. *Cf. Sara G. v. Berryhill*, No. 18 CV 50038, 2019 WL 2085133, at *2 (N.D. Ill. May 13, 2019) ("If there's one lesson to be gleaned from the *O'Connor-Spinner* line of cases, it is that the simple nature of a discrete job task has no direct connection to the ability to do that task repeatedly over long stretches of time."). The ALJ also restricted plaintiff to work involving only occasional work-related decisions and only occasional changes in the work setting, but these limitations were included to account for the "difficulty [plaintiff] had in adapting himself to change." [14-1] 32. Finally, the ALJ recognized that plaintiff would be off task for up to ten percent of the workday, *see* [14-1] 28, but the ALJ never suggested that this finding–which the ALJ completely failed to explain[5]–was intended to account for plaintiff's moderately limited ability to persist during a normal work period. *See Warnell*, 97 F.4th at 1054 (ALJ must provide "an explanation for how the evidence leads to [his] conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings").

Given the ALJ's failure to address plaintiff's persistence limitation in crafting the RFC determination, the Court finds this case to be similar to *Jacob M.R. v. Commissioner of Social Security*, Case No. 17-cv-974-CJP, 2018 WL 3819104, at (S.D. Ill. Aug. 10, 2018). In that case, a state agency reviewer concluded that the plaintiff had a moderate CPP limitation and "said in his narrative remarks that plaintiff would have a moderate limitation in persisting for a normal work period," *Jacob M.R.*, 2018 WL 3819104, at *5, and the ALJ gave that opinion "significant weight." *Id.*, at *4. The ALJ purported to accommodate the CPP limitation by restricting plaintiff to "work involving simple, routine tasks and simple work-related decisions" that

---

[5] Notably, while the VE testified that being off task for ten percent of a workday generally does not preclude competitive employment, he also explained that "if you're off-task at ten percent all at once being that they're taking six minutes in each hour all together instead of a minute her, a minute there, I generally would look at that as an unscheduled work break. And that generally wouldn't be consistent with competitive employment." [14-1] 60. Again, nothing in the ALJ's decision suggests he considered whether plaintiff's off-task time would preclude employment under the scenario laid out by the VE.

5

involved "only occasional decision-making and only occasional changes in the work setting." *Id.*, at *2. The court held that the ALJ's RFC determination did not account for plaintiff's CPP limitation because the ALJ had "ignored" the reviewer's opinion that "plaintiff would have a moderate limitation in persisting for a normal work period." *Id.*, at *5. The Court reaches the same result here and holds that substantial evidence does not support the ALJ's RFC determination.[6]

## Conclusion

Plaintiff's motion to reverse or remand [15] is granted and defendant's motion for summary judgment [20] is denied. The decision of the SSA is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with the Court's ruling.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: August 7, 2024**

---

[6] The Court recognizes that a second agency reviewer, Dr. Donald Cochran, opined that plaintiff had a moderate CPP limitation but did not identify any limitations in plaintiff's ability to persist during a normal workday. *See* [*id.*] 86. Because the ALJ did not explain whether (or why) he credited Cochran's opinion over Yakin's, the ALJ's decision is not adequate to sustain the denial of benefits. *See Warnell*, 97 F.4th at 1054.